**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Kenneth Lee Wilson,<br><br>     Petitioner,<br><br>v.<br><br>Matt Bostrom,<br><br>     Respondent. | Case No. 16-cv-3421 (ADM/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  Petitioner Kenneth Lee Wilson is a pretrial detainee awaiting criminal proceedings in state court.[1] (Pet. at 1 [Doc. No. 1].) Wilson alleges that law-enforcement officers conducted an illegal search leading to the discovery of evidence that, he alleges, should be inadmissible at trial under the Fourth Amendment. (*Id*. at 6-8.) Wilson has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking a ruling from this Court that the evidence taken by law-enforcement officers was illegally seized. Wilson also seeks release from incarceration, contending that without the illegally seized evidence, the State of Minnesota does not have a sufficient basis upon which to prosecute him for any crime.

  Wilson's habeas petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has

---

[1] The exact nature of the charges against Wilson is not clear from his habeas corpus petition.

conducted a preliminary review of Wilson's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]  Based on that review, this Court recommends dismissal without prejudice of Wilson's habeas petition for two reasons.

First, although Wilson's habeas corpus petition is not subject to *statutory* exhaustion requirements (such as the requirement found at § 2254(b)), "federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief . . . ."  *Olson v. Washington Cty.*, No. 12-CV-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013); *accord Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) ("28 U.S.C.

---

[2] Because Wilson is a pretrial detainee, he is not held pursuant to a state court judgment, and his habeas petition is not governed by 28 U.S.C. § 2254.  *See* 28 U.S.C. § 2254(a). Nevertheless, although Wilson's habeas petition is not limited by § 2254 itself, these proceedings are governed by the Rules Governing Section 2254 Cases in the United States District Courts, including Rule 4 of those Rules.  *See* Rule 1(b).

§ 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion.  In this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) ("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed.  It applies to pre-trial, as well as post-trial, habeas corpus petitions.").

Wilson's habeas corpus petition strongly implies that he has not yet challenged the legality of the searches at issue through *any* means available to him in state court.  (*See* Pet. at 2-6.)  Nor has this Court discovered any ruling, opinion, or order of the Minnesota courts addressing Wilson's Fourth Amendment claims.  The Minnesota judicial system permits ample opportunity, both before and after trial, for defendants such as Wilson to litigate the Fourth Amendment challenges he seeks to raise in these proceedings via habeas corpus.  *See State v. Fawcett*, 884 N.W.2d 380, 386-88 (Minn. 2016) (adjudicating claim brought by defendant under Fourth Amendment); *State v. Lester*, 874 N.W.2d 768, 771-73 (Minn. 2016) (same); *State v. Luhm*, 880 N.W.2d 606 (Minn. Ct. App. 2016) (same); *cf*. Minn. Const. Art. 1, § 10 (state constitutional provision protecting against unlawful searches and seizures); Minn. R. Crim. P. 11 (providing for omnibus hearing at which admissibility of evidence and constitutional issues may be contested).  Until Wilson exhausts all available remedies before the state courts,

3

including on direct review before the Minnesota Supreme Court, this Court should not intercede to answer legal questions likely to be decided in those criminal proceedings.

Second, Fourth Amendment claims are "not cognizable on federal habeas review unless the state fails to provide 'an opportunity for full and fair litigation of [the] claim.'" *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005) (quoting *Stone v. Powell*, 428 U.S. 465, 494 (1976)). As explained above, there is no reason presently for this Court to believe that the State of Minnesota judicial system, which adjudicates Fourth Amendment claims daily, will not provide Wilson with a full and fair opportunity to present the claims he seeks to raise in this habeas proceeding. Moreover, Wilson does not allege in his habeas petition that he is or has been foreclosed in any way from raising his Fourth Amendment claims in state court. If the State of Minnesota does provide a full and fair opportunity for Wilson to adjudicate his claims, as anticipated, then Wilson will be barred from seeking federal habeas relief on those claims.[3] Allowing Wilson to seek federal adjudication of his Fourth Amendment claims prior to the Minnesota state courts having occasion to do so would not only trample upon the principles of comity governing

---

[3] If the State of Minnesota forecloses Wilson from raising his Fourth Amendment claims, or if there is otherwise an absence of available state corrective process during Wilson's ongoing criminal proceedings, then Wilson will not later be prohibited from raising those claims on habeas review due to failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(B). Again, however, there is no reason for this Court to believe that the Minnesota state courts will not provide Wilson with a full and fair opportunity to raise his Fourth Amendment claims.

relations between the state and federal courts, but it would amount to an end run around the rule set forth by the Supreme Court in *Stone v. Powell*.

For those reasons, it is hereby recommended that Wilson's habeas petition be dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings. Only one matter merits further comment. Because Wilson's detention "arises out of process issued by a State court," he cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *accord* Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Wilson's current habeas corpus petition differently than it is being treated here. It is therefore recommended that Wilson should not be granted a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE**.

2. Petitioner Kenneth Lee Wilson's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED AS MOOT**.

3. No certificate of appealability be issued.

Dated: October 25, 2016                     s/ *Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.